359

(C.D. 2818)

FIBROUS GLASS PRODUCTS, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided November 9, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders,* Assistant Attorney General, for the defendant.

Before OLIVER, NICHOLS, and WATSON, Judges

NICHOLS, Judge: The merchandise involved in these cases consists of fibrous glass matting, assessed with duty at 21 cents per pound and 17 per centum ad valorem under paragraph 1539(b), Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent. It is claimed, among other things, that the merchandise is properly dutiable at 21 per centum ad valorem under paragraph 230(d) of said tariff act, as modified, as manufactures of glass, not specially provided for.

These cases have been submitted by counsel for the respective parties on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and checked JS (Examiner's initials) by Examiner Jack Sargrad (Examiner's name) on the invoices covered by the protests enumerated above, assessed with duty at 21¢ per pound and 17 per centum ad valorem under the provisions of paragraph 1539(b), Tariff Act of 1930, as modified, and claimed to be properly classifiable under the provisions of paragraph 230(d), Tariff Act of 1930, as modified, with duty at the rate of 21 per centum ad valorem, consist in fact of matting composed of glass fibers and synthetic resin.

That the component material of chief value of said matting is the glass fibers and not a product of which synthetic resin or resin-like substance is the chief binding agent.

That said matting is not in fact any of the articles described under paragraph 218, Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED that the protests be deemed submitted on this stipulation, the protests being limited to the items marked with the letter "A" as aforesaid, and to the claim for classification under paragraph 230(d), and abandoned as to all other merchandise and all other claims.

Accepting this stipulation as an agreed statement of facts, we hold that the merchandise, represented by the items marked with the letter "A" and with the initials of the examiner on the invoices covered by the protests herein, is properly dutiable at 21 per centum ad valorem under paragraph 230(d) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as manufactures in chief value of glass, not specially provided for. Cf. *L. E. McCullough & Company* v. *United States*, 36 Cust. Ct. 127, C.D. 1763.

To that extent the protests are sustained. As to all other claims they are overruled. Judgment will be rendered accordingly.